IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

FRANCIS A. GRANDINETTI, II          *
#A-185 087
    Plaintiff,                          *

v.                                  *          2:07-CV-346-MHT
                                                   (WO)
WARDEN ERNEST TAYLOR, CCA/TCCF, *
*et al.*,
    Defendants.                    *

_____

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Francis Grandinetti ["Grandinetti"], is a Hawaii state inmate currently housed at the Tallahatchi County Correctional Facility located in Tutwiler, Mississippi. Grandinetti filed this civil action on April 25, 2007. Grandinetti has filed a motion requesting that he be allowed to proceed with the instant complaint *in forma pauperis*. (Doc. No. 2). Pursuant to the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth

## I. DISCUSSION

The court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov.  A review of PACER records establish that Plaintiff, while incarcerated or detained, has on at least three occasions had civil actions and appeals dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915. The cases on which the court relies in finding a violation of § 1915(g) include, but are not limited to:  (1) *Grandinetti v. Iranon, et al.*, Civil Action No. 1:96-CV-101-RHC-KFG  (E.D. Tex. 1998) (complaint dismissed as frivolous and for failure to state a claim); (2) *Grandinetti v. Bobby Ross Group, Inc.,* Civil Action No. 1:96-CV-117-TH-WCR (E.D. Tex. 1999) (complaint dismissed as frivolous and for failure to state a claim); (3) *Grandinetti v. Iranon, et al.*, Civil Action No. 1:96-CV-118-TH (E.D. Tex. 1998) (complaint dismissed as frivolous); and (4) *Grandinetti v. Corrections Corporation of America, et al.*, 5:06-CV-57-SRC (N.D. Tex. 2006) (complaint dismissed as frivolous and malicious under 28 U.S.C. § 1915(e) and as barred under 28 U.S.C. § 1915(g)).

The court has carefully reviewed the allegations presented the instant complaint. The claims before this court do not allege nor in any way indicate that Plaintiff "is under imminent danger of serious physical injury" as is required to meet the imminent danger

---

Amendment."

exception to the application of 28 U.S.C. § 1915(g).[2] *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

Based on the foregoing, the court concludes that Plaintiff's request for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice for Plaintiff's failure to pay the requisite $350.00 filing fee upon the initiation of this cause of action. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## II. CONCLUSION

In light of the foregoing, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Plaintiff on April 25, 2007 (Doc. No. 2) be and is hereby DENIED.

It is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon the initiation of this case.

It is further

---

[2] Despite Plaintiff's handwritten notation in the caption of his complaint that he is filing an "imminent injury case," it is clear from a review of the pleadings filed herein that Plaintiff does not meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). Plaintiff has also written "(Federal Habeas Corpus Writ)" in the caption of his complaint. Again, it is clear from a review of the complaint that this matter is properly filed as civil rights action under 42 U.S.C. § 1983 and/or as a *Bivens*-type action. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

ORDERED that the parties shall file any objections to this Recommendation on or before **May 9, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 27th day of April 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE